UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATALIE COBURN<br>        Plaintiff,<br>vs.<br>BOYD GAMING CORPORATION, OPERATOR OF AMERISTAR CASINO RESORT SPA ST. CHARLES; and AMERISTAR CASINO ST. CHARLES, LLC; and ANDREW ROY CASEM; and JOHN EDWARD STANCZAK, IV; and TY EDWARD CLAMORS; and CITY OF SAINT CHARLES, MISSOURI,<br>        Defendants. | JURY TRIAL DEMANDED<br><br>Cause No. 4:25-cv-00076 |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' LATE REPLY FOR FAILURE TO SEEK LEAVE, OR IN THE ALTERNATIVE, FOR LEAVE TO FILE A SURREPLY

COMES NOW Plaintiff, Natalie Coburn, pursuant to the Federal Rules of Civil Procedure and Local Rules of the United States District Court Eastern District of Missouri and in response to Defendants City of St. Charles, Missouri (City), John Edward Stanczak, IV (Stanczak) and Ty Edward Clamors (Clamors) collectively filing the Reply Memorandum for its Motion to Dismiss Plaintiff's Second Amended Complaint. Plaintiff requests Defenses' Reply be stricken or in the alternative seeks leave to file a surreply to Defendants' Reply, which introduces new, expanded arguments, factual misstatements, and misrepresentations of controlling case law, raised for the first time in Defendants' Reply. In support of this Motion, Plaintiff states as follows:

1. On April 10, 2025, the Defendants filed a Motion to Dismiss Plaintiff's Second Amended Complaint and an accompanying Memorandum.

2. On April 24, 2025, Plaintiff filed a Response to this Motion to Dismiss.

3. On May 9, 2025, the Defense filed a Reply Memorandum, without leave of the Court.

4. Pursuant to Local Rule 4.01(C), the Defense had ten (10) days after Plaintiff filed her Memorandum in Opposition to file a Reply without seeking leave of the Court.

5. Having failed to file the Reply within the prescribed time and having not requested or obtained leave of Court to do so, the Defendant's Reply should be stricken as untimely, consistent with the Local Rules of this Court and prevailing case law.

6. In the alternative, should the Court accept the Defendants' untimely Reply, Plaintiff respectfully moves for leave to file a Surreply to address new, expanded arguments and mischaracterizations raised therein.

7. Defendants' Reply Specifically introduces new, expanded arguments not raised in their original motion, misstatements of fact and misrepresentations of controlling case law, regarding the Rule 15(c) relation back standard.

8. Plaintiff seeks leave to file a surreply to address a newly raised legal interpretation and application in the Reply. Defendants newly cite the definition of St. Charles Police Department (SCPD), as listed in Parties section of Plaintiff's first Petition filed in state court, to incorrectly argue and improperly presume what Plaintiff knew. Plaintiff seeks to file a surreply to address misapplication and misinterpretation of the definition and how it is not a reflection of Plaintiff's knowledge and does not discredit that Plaintiff made a clear mistake.

9. Plaintiff seeks leave to file a surreply to address Defense's expanded argument that Plaintiff allegedly made a deliberate choice, to include the new and incorrect argument that Plaintiff pursued a *"respondeat superior"* claim against SCPD instead of suing the individual officers. This is a mischaracterization of Plaintiff's original petition, where Plaintiff never

filed a respondeat superior claim against the SCPD. A surreply is necessary to clarify the nature of the claims actually brought, and to explain why this expanded, new argument does not undermine Plaintiff's position regarding relation back.

10. Defendant now raises a new argument that even if SCPD is not a suable entity, the City is and it was already named in the suit, but this point is irrelevant to the relation back analysis under Rule 15(c) and improperly attempts to disregard the core issue of whether the requirements for relation back have been met.

11. Plaintiff seeks leave to file a surreply to address the new and legally incorrect argument that Plaintiff's original definition of the SCPD precludes a finding that Defendants Stanczak and Clamors had the requisite knowledge under Rule 15(c)(1)(C). This argument, not previously presented, warrants a response to clarify why it does not impact the knowledge requirement for relation back.

12. Plaintiff will suffer significant prejudice if not permitted to respond, as Defendants' Reply introduces new, expanded and misleading legal arguments and factual, legal distortions that, if left unaddressed, may improperly influence the Court's decision.

13. Defendants will not be prejudiced, as the surreply would address only arguments they raised in their Reply and would not require any additional briefing from them.

14. This request is reasonable, will not cause delay, and serves to ensure a fair and complete record for the Court.

15. Plaintiff has filed a Memorandum in support of this motion.

16. Plaintiff has attached the proposed Surreply as Exhibit A.

WHEREFORE, Plaintiff respectfully requests this Court:

a) Strike Defendants' late-filed Reply for failure to seek leave of Court as required by Local Rule 4.01(C), consistent with binding authority in this District mandating that such untimely filings not be considered;

b) In the alternative, grant leave to file the accompanying Surreply, submitted herein as Exhibit A, to address new, expanded arguments, factual misstatements, and misrepresentations of controlling case law raised for the first time in Defendants' Reply, in order to prevent undue prejudice and ensure a fair and accurate record; and

c) Grant such other and further relief as this Court deems just and proper.

Respectfully Submitted,

*Natalie Coburn*
_____

NATALIE COBURN
11469 Olive Boulevard, 1303,
Creve Coeur, MO 63141
nataliecoburn17@gmail.com
314-530-5245
Plaintiff, Pro se

# CERTIFICATE OF SERVICE

The undersigned certifies that a true and correct copy of the foregoing document was served this 12th day of May 2025, by the Court's electronic filing system to:

Portia C. Kayser
Harris Dowell Fisher & Young, LC
15400 S. Outer 40 Dr., Suite 202
Chesterfield, MO 63017
(636) 532-0300
pkayser@harrisdowell.com
*Attorney for City of St. Charles,*
*John Edward Stanczak, IV and Ty Edward Clamors*


V. Scott Williams
Jared D. Howell
Hamilton Weber, LLC
200 N. Third Street
St. Charles, MO 63301
(636) 947-4700
Swilliams@hamiltonweber.com
Jhowell@hamiltonweber.com
*Attorneys for Defendants Andrew Casem,*
*Boyd Gaming Corp., and Ameristar*

    Respectfully Submitted,

    *Natalie Coburn*
    _____

    NATALIE COBURN
    11469 Olive Boulevard, 1303,
    Creve Coeur, MO 63141
    nataliecoburn17@gmail.com
    314-530-5245
    Plaintiff, Pro se